

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00365-CR

Adrian Nicholas **PAZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR8126
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  December 5, 2018

AFFIRMED

On December 6, 2015, Appellant Adrian Nicolas Paz entered a plea of nolo contendere to the offense of assault on a public servant; the trial court deferred a finding of guilt and placed Paz on deferred adjudication probation for a period of five years.

On April 12, 2018, Paz entered a plea of true to the State's only alleged violation, an allegation of assault on a public servant allegedly occurring on February 27, 2018.  The trial court found the State's sole allegation true, entered an adjudication of guilt on the underlying aggravated

robbery, and assessed punishment at two years' confinement in the Institutional Division of the Texas Department of Criminal Justice and a fine of $2,000.00. This appeal ensued.

## COURT-APPOINTED APPELLATE COUNSEL'S *ANDERS* BRIEF

Paz's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In appellate counsel's brief, he recites the relevant facts with citations to the record, analyzes the record with respect to allegations and the evidence presented at trial, and accompanies the analysis with relevant legal authorities. Counsel concludes the appeal is frivolous and without merit. *See Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.).

We conclude the brief meets the *Anders* requirements. *See Anders*, 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel provided Paz with copies of the briefs and counsel's motion to withdraw, and informed Paz of his right to review the record and file a pro se brief. *See Nichols*, 954 S.W.2d at 85–86; *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). This court also advised Paz of his right to request a copy of the record and file a brief. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). No additional briefing was filed in this court.

## CONCLUSION

Having reviewed the entire record and court-appointed counsel's *Anders* brief, we agree with Paz's court-appointed appellate counsel that there are no arguable grounds for appeal and the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We affirm the trial court's judgment and grant appellate counsel's motion to withdraw. *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Paz wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either (1) this opinion or (2) the last timely motion for rehearing or motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *Id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *Id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH